**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HOUSSAMEDDINE MADNOUNE,

      Plaintiff.

v.

DELTA AIR LINES, INC.,

      Defendant.

Case No.  26-cv-3519

## **COMPLAINT**

NOW COMES Plaintiff, Houssameddine Madnoune, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant Delta Air Lines, Inc. and states as follows:

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### **JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, harmed, and terminated by Defendant in this District.

### **PARTIES**

3. Plaintiff, HOUSSAMEDDINE MADNOUNE ("Plaintiff"), was at all times relevant to this suit an adult, whose Religion is Muslim, residing in Schaumburg, Illinois. At all

1

times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, harmed, and terminated by Defendant in this District.

4. Defendant, DELTA AIR LINES, INC. ("Defendant"), is a corporation duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, harmed, and terminated Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about August 5, 2025, Plaintiff timely filed a Charge of Discrimination against Defendant alleging religion discrimination, sex discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2025-10326.

6. On December 29, 2025, the EEOC issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2025-10326.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. On or about February 20, 2023, Plaintiff was hired by Defendant. His most recent position was Cargo Agent. He continued in that employment until his wrongful termination on or about August 25, 2025.

9. Plaintiff's religion is Muslim.

10. Plaintiff's sex is Male.

11. Defendant was apprised of Plaintiff's religion and sex.

12.     At all times relevant to this Complaint, Plaintiff performed his job duties and responsibilities satisfactorily, within Defendant's legitimate expectations.

13.     Plaintiff's similarly situated non-Male and non-Muslim counterparts were not subjected to the same treatment by Defendant as Plaintiff.

14.     Plaintiff began experiencing workplace issues in March 2023, when a supervisor named Sandy repeatedly mocked the way he spoke in front of coworkers. Plaintiff reported this behavior multiple times to the station manager, but no corrective action was taken.

15.     On June 11, 2024, Plaintiff had an incident involving his coworker, Autumn Jones, during work. While performing his duties, she behaved in a disrespectful manner toward him in front of others, which escalated into a verbal disagreement. This created a tense and uncomfortable work environment.

16.     In October 2023, Autumn Jones also mocked Plaintiff's speech in a similar manner during a work interaction. Following this, Plaintiff received a verbal warning from management (Jimmy), while no action was taken against the other employee involved.

17.     On March 27, 2025, during Ramadan, while Plaintiff was fasting for religious reasons, Lead Twymenia "Meme" Briscoe (Female) instructed him to prioritize work over his religious break, stating: "I really don't care about Ramadan," clearly discriminating against Plaintiff because of his religion.

18.      On April 7, 2025, Plaintiff experienced further issues with the same Lead, including being assigned tasks at the end of his shift and hearing a statement from another Lead (Nana) (Female) saying: "We are going to get you sooner or later," which Plaintiff perceived as a retaliatory threat. Plaintiff reported this to management, but it was dismissed.

19. In April 2025, Plaintiff filed a complaint with Human Resources. However, instead of addressing Plaintiff's complaint, he was later contacted regarding unrelated allegations against him. During this period, Ms. Silvia (Female) informed him that she has good relationships with management, which raised concerns about impartiality.

20. Plaintiff was informed that he was being accused of using inappropriate language toward a coworker during Ramadan. Plaintiff strongly denied this allegation and requested that security camera footage be reviewed, but his request was refused. Plaintiff was also told that all witnesses were employees associated with Lead Twymenia Briscoe, raising concerns about bias.

21. In addition, in April 2025, Plaintiff's coworker, Thomas, informed him that management (including David, Station Manager) had questioned him about whether Plaintiff had said anything inappropriate towards him . He also indicated that he was asked about his opinion of Plaintiff. This raised concerns about internal discussions being conducted without Plaintiff's knowledge.

22. In May 2025, Plaintiff's friend, Omar, informed him that he had been questioned by management regarding allegations involving Plaintiff.

23. Shortly after, Plaintiff was called into the office and questioned by HR/management about similar allegations.

24. During May 2025, Plaintiff requested that all allegations and evidence be provided in writing via email so he could properly respond. His request was denied.

25. Later in May 2025, HR informed Plaintiff that all concerns had been "addressed," but no specific details or outcomes were provided.

26. In July 2025, upon returning from vacation, Plaintiff was called into the office by the station manager (David) and informed of allegations based on witnesses and video evidence.

Plaintiff was suspended on or about July 23, 2025, without receiving any written notice or formal documentation.

27.     Regarding the Omar-related allegation, Plaintiff was accused of initiating a conversation with him about internal matters. Plaintiff denied this and clarified that Omar was the one who approached him; that he did not approach Omar. Despite this, Plaintiff was told that witnesses and video evidence existed. Plaintiff was denied full transparency regarding the investigation, and the video evidence reportedly had no audio.

28.     In August 2025, Plaintiff filed a complaint with the EEOC.

29.     On or about August 25, 2025, shortly after the EEOC contacted Defendant, he was terminated from his position. Defendant's alleged reason for termination was "disrespect toward coworkers," which is pretext for retaliation following Plaintiff's complaints.

30.     Because of Plaintiff's religion (Muslim), Plaintiff was subjected to disparate treatment, discrimination (including being overlooked for positions), harassment, and termination of his employment.

31.     Because of Plaintiff's sex (Male), Plaintiff was subjected to disparate treatment, discrimination (including being overlooked for positions), harassment, and termination of his employment.

32.     Because Plaintiff reported discrimination and retaliation, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and termination of his employment.

### COUNT I – DISCRIMINATION BASED ON RELIGION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

33.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

5

34. Plaintiff (Muslim) is a member of a protected class.

35. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

36. Plaintiff apprised Defendant of his religion, Muslim.

37. Defendant discriminated against Plaintiff because of his religion by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Muslim and everything else having been the same.

38. Other non-Muslim employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

39. Plaintiff's religion was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's religion.

40. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, HOUSSAMEDDINE MADNOUNE, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – SEX DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

41. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

42. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

43. Defendant discriminated against Plaintiff because of his sex (Male) by refusing to accommodate his desire of a safe and free non-discriminatory work place and for discriminating against him for the same, creating a hostile work environment, in violation of Title VII.

44. Defendant's mistreatment of Plaintiff due to his sex constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, HOUSSAMEDDINE MADNOUNE, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

7

C.  Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstate him to the position he previously held;

D.  Order Defendant to pay the Plaintiff compensatory damages;

E.  Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.  Award the Plaintiff his reasonable attorney's fees and costs; and

G.  Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

45.  Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

46.  It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

47.  Plaintiff (Muslim) is a member of a protected class under Title VII.

48.  Plaintiff engaged in a Title VII protected activity by reporting illegal acts by Defendant.

49.  Defendant knowingly and intentionally engaged in harassment and retaliation of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

50.  Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported discrimination and retaliation.

51.     Defendant would not have retaliated against Plaintiff had he not reported the discrimination and retaliation. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

52.     Defendants' retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

53.     As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, HOUSSAMEDDINE MADNOUNE, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A.     Declare, decree, and adjudge that Defendant violated Title VII;

B.     Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C.     Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.     Order Defendant to pay the Plaintiff compensatory damages;

E.     Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.     Award the Plaintiff his reasonable attorney's fees and costs; and

G.     Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  March 30, 2026

9

/s  *Antonio L. Jeffrey*

Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com

10